UNITED STATES v. BROWN et al.

(Circuit Court, S. D. New York. November 19, 1902.)

1. FALSE IMPERSONATION—REVENUE OFFICERS—INDICTMENT.
    An indictment charging that defendants, unlawfully and feloniously, falsely represented themselves to be revenue officers of the United States, and in such assumed character did demand and receive $200 from I. for a pretended violation by the latter of Act Cong. June 13, 1898 [U. S. Comp. St. 1901, p. 2293], in respect of knowingly and willfully buying washed revenue stamps, etc., and with having such washed and restored revenue stamps in possession knowingly and without lawful excuse, as prohibited by Rev. St. § 5448 [U. S. Comp. St. 1901, p. 3679], was sufficient.

2. SAME.
    An indictment charging that defendants, with intent to defraud one I., unlawfully and feloniously did falsely assume and pretend to be officers and employés acting under the authority of the United States, to wit, revenue officers and employés, and in such pretended character did fraudulently demand and obtain from I. a sum of money, to wit, $200, etc., sufficiently stated the offense described by Act April 18, 1884 (1 Supp. Rev. St. p. 425 [U. S. Comp. St. 1901, p. 3679]), prohibiting the impersonation of a United States officer, etc.

Points at issue:

The defendants, Brown and Harnett, were jointly indicted under section 5448, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3679], and the act of April 18,

1884 (1 Supp. Rev. St. p. 425 [U. S. Comp. St. 1901, p. 3679] ). The first count charged that the defendants, unlawfully and feloniously, falsely represented themselves to be revenue officers of the United States, and in said assumed character did demand and receive certain money, to wit, $200, of and from one A. Isaacs, for a pretended violation by the said Isaacs of a revenue law of the United States; that is to say, of section 8 of an act of congress concerning internal revenue taxation, approved June 13, 1898 [U. S. Comp. St. 1901, p. 2293], as amended, in the respect of knowingly and willfully buying washed revenue stamps, etc. The second count was like the first, except that it charged that the defendants had in possession washed and restored revenue stamps, knowingly and without lawful excuse. The first and second counts were laid under section 5448, Rev. St. [U. S. Comp. St. 1901, p. 3679]. The third count was framed under the act of April 18, 1884 [U. S. Comp. St. 1901, p. 3679], above named. It charged that the defendants, with intent to defraud one Isaacs, unlawfully and feloniously did falsely assume and pretend to be officers and employés acting under the authority of the United States, to wit, revenue officers and employés, and in such pretended character did fraudulently demand and obtain from him, the said Isaacs, a sum of money, to wit, $200, etc. The defendants, by their counsel, contended that the averments of the indictment were not sufficiently definite, particularly as to the designation of the sort of revenue officer meant; insisting that this should be specified, and applying the objection to all of the counts.

William S. Ball, Asst. U. S. Atty.

Charles O. Brewster (Max J. Kohler, of counsel), for defendants.

THOMAS, District Judge. The words of the indictment are technically sufficient to charge an offense under the Statutes of the United States. For the purpose of sustaining the several counts, it is not necessary to import language into either count, but it seems that it would be necessary to import such language to sustain some of the defendants' objections. What ruling may be required upon the facts as shown upon the trial need not be considered at this time.

The demurrer is overruled.